UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22466-CIV-UNGARO/SIMONTON

ROSIE JOSEPH, et al.,

    Plaintiffs,

v.

CARLOS R. MORICE, et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO QUASH SUBPOENAS**

Presently pending before the Court is Defendants' Motion to Quash Subpoenas to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, and/or for a Protective Order (DE # 33).  This motion is referred to the undersigned Magistrate Judge (DE # 356).  Plaintiffs have filed a response in opposition (DE # 34).  Defendants have not replied, and the time to do so has run.[1]  For the reasons stated below, Defendants' motion is denied.

**I. Background**

The five named Plaintiffs are proceeding pursuant to their Second Amended Complaint (DE # 19).  Initially, Plaintiffs seek to bring this case as a class action (DE # 19 at 4-6).  In Count I, Plaintiffs allege that during the 2008-09 Miami-Dade County bean harvest, they all worked for Defendants' labor crew, which operated as San Judas Tadeo Transport, Inc., picking the bean crop at T-N-T Farms, Inc.  Plaintiffs allege that

---

[1] On December 6, 2010, Defendants' counsel sent a letter to the Court asking that the undersigned not moving forward on this motion for a short time so that the parties might explore settlement, and stating that Plaintiffs' counsel was in agreement.  The parties have not subsequently filed a notice of settlement, and discovery closed on January 21, 2011.

Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.* (AWPA), by failing to make, keep and preserve the required records, by failing to provide Plaintiff with the required written wage statements, and by failing to pay Plaintiffs their wages when due, all in violation of 29 U.S.C. §§ 1821(d)(1), 1821(d)(2), 1822(a), 1831(c)(1), 1831(c)(2), and 1832(a) (DE # 19 at 7-9).  Specifically, Plaintiffs contend that throughout the 2008-09 bean harvest, Defendants violated the Fair Labor Standards Act (FLSA) and related provisions of the federal Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.* by failing to supplement their piece-rate earnings so that the bean pickers earned the minimum wage.  Plaintiffs allege that Defendants sought to conceal their minimum wage violations by systematically under-reporting the hours worked by the named Plaintiffs and by other crewmembers.  Plaintiffs contend that the hours worked data shown on Defendants' payroll records are largely fabricated, and that Defendants simply credited each picker with an hour worked for every two boxes of beans harvested, regardless of how long the employee actually worked, which, at the piece-rate of $3.65 per box, made it appear that the worker earned $7.30 per hour, a nickel over the then-applicable minimum wage of $7.25 per hour (DE # 34 at 3-5).

      In Count II, Plaintiffs allege that Defendants violated the FLSA, 29 U.S.C. § 206(a), by failing to pay Plaintiffs at least $6.55 for every compensable hour of labor each of them performed while working on Defendants' crew and picking beans at T-N-T Farms during the 2008-09 bean harvest (DE # 19 at 10-11).

      Plaintiffs have filed an Answer and Affirmative Defenses (DE # 32).

      This motion follows.

## II. The Parties' Positions

In their motion, Defendants move to quash subpoenas served on non-party San Judas Tadeo Corporation, Inc., Defendant's closely-held corporation, and on non-party T-N-T Farms, Inc. The subpoenas had a response date of November 30, 2010, and requested all payroll records of all individuals employed by them during the 2008-09 bean picking season. Initially, Defendants move to quash the subpoenas, asserting that they received insufficient notice of the subpoenas, as required by Fed.R.Civ.P. 45(b)(1). Specifically, Defendants assert that before serving the subpoenas, Rule 45(b)(1) required Plaintiffs to serve on Defendants a notice of intent to serve subpoenas (DE # 33 at 3).

Defendants also ask for a protective order regarding the subpoenas, alleging that the documents requested by the subpoenas is premature, as it is merits discovery, as opposed to class discovery. Defendants propose to provide Plaintiffs with redacted records, removing all allegedly confidential information personal to the individual pickers, but providing dates and hours worked, rate of compensation and bushels picked (DE # 33 at 3-5).

In response, Plaintiffs initially assert that Defendants lack standing to move to quash the T-N-T Farms subpoena, in that Defendants have not shown that they: 1) are in possession of the material subpoenaed from T-N-T Farms and 2) have a personal right or privilege in the subject matter of the T-N-T Farms subpoena (DE # 34 at 5-6).[2] Plaintiffs also assert that they served a copy of the subpoenas on Defendants simultaneously with the service of the subpoenas and that Defendants had actual notice of the subpoenas

---

[2] As Plaintiffs concede that Defendants own San Judas Tadeo Transport, Inc. (DE # 34 at 2), it appears that Defendants have standing to attack the subpoena directed to that entity.

(DE # 34 at 6-8).  Finally, Plaintiffs contend that payroll records for an entire work crew for a harvest season at issue are relevant to the issues in dispute, and, thus, are producible.  First and most importantly, Plaintiffs submit that the other members of the work crew were witnesses to Defendants' allegedly improper employment practices (DE # 34 at 8-9).  Plaintiffs also state that this evidence may show that Defendants' violations were intentional, as part of their regular business practices, as well as pervasive and persistent (DE # 34 at 9-12).

Defendants have not filed a reply and the time to do so has run.

III.  Analysis

Defendants' motion is denied.  Defendants concede that they had notice of the subpoenas when they were served, which was far enough in advance of the return date to file the instant motion (DE # 33 at 3).  Thus, any violation of Rule 45 was de minimis.

Furthermore, the evidence requested by the subpoenas is relevant.  The other members of the work crews were witnesses to Defendants' employment practices.  Moreover, the evidence as to the other members of the work crews may show that Defendants' violations were intentional, as part of their regular business practices, as well as pervasive and persistent.  *See Wales v. Jack M. Berry*, 192 F.Supp.2d 1269, 1276-77, 1309 (M.D. Fla. 1999); *Stewart v. Everett*, 804 F.Supp. 1494, 1498 (M.D. Fla. 1992); *Bohan v. Hudson*, 1987 WL 12355 at *7 (E.D.N.C. Jan. 30, 1987), *citing*, *Fighting Bear v. Godwin*, No. 85-1284-CIV-5 (E.D.N.C. Jan. 30, 1986).[3]

As Defendants have not filed a reply, and have not controverted Plaintiffs' cogent arguments, their motion is denied.

---

[3] **In light of the above findings, the undersigned will not reach the question of whether Defendants have standing to protest the subpoenas.**

**4**

In light of this ruling, the subpoenas are now returnable on or before February 18, 2011.  Defendants must immediately serve a copy of this Order on non-parties San Judas Tadeo Corporation, Inc. and T-N-T Farms, Inc., and shall file with this Court, on or before February 10, 2011, a notice that service has been effected.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Quash Subpoenas to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, and/or for a Protective Order (DE # 43), is **DENIED**.  The subpoenas are now returnable on or before February 18, 2011.  Defendants must immediately serve a copy of this Order on non-parties San Judas Tadeo Corporation, Inc. and T-N-T Farms, Inc., and shall file with this Court, by February 10, 2011, a notice that service has been effected.

**DONE AND ORDERED** in chambers in Miami, Florida on February 7, 2011.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided via CM/ECF to:
 The Honorable Ursula Ungaro, United States District Judge
 All counsel of record